[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO PRESENT NEW EVIDENCE
The petitioning plaintiff, John Thompson, the administrator for the estate of Florence Thompson ("the plaintiff"), has filed an administrative appeal from a decision made by the State of Connecticut Department of Social Services ("the defendant"). The plaintiff has now filed a motion asking that, pursuant to General Statutes §§ 4-183 (h) and 4-183 (i) the court allow the plaintiff to introduce new evidence not currently in the record.
The plaintiff argues that the alleged new evidence is material to the appeal of the defendant's decision. Specifically, the plaintiff argues that the defendant had previously rejected an appraisal offered by the plaintiff and, instead, accepted an appraisal which the plaintiff alleges was self-serving and CT Page 7325 prejudicial to his case. The plaintiff now seeks the court's permission to introduce another appraisal so that it may be considered as additional evidence for the purposes of the appeal in accordance with General Statutes § 4-183 (i) or, in the alternative, that the additional evidence be resubmitted to the hearing officer in accordance with General Statutes § 4-183 (h).
For the reasons set forth below, the court denies the plaintiff's motion to present additional evidence.
"An appeal from the administrative tribunal should ordinarily be determined upon the record of that tribunal, and only when that record fails to present the hearing in a manner sufficient for the determination of the merits of the appeal, or when some extraordinary reason requires it, should the court hear evidence . . . ." (Citations omitted; internal quotation marks omitted.) Adriani v. Commission on Human Rights Opportunities,220 Conn. 307, 325, 596 A.2d 426 (1991). "The determination of whether the trial court improperly denied the plaintiff's motion to supplement the record is made on the basis of the abuse of discretion standard." Id.
General Statutes § 4-183 (i) states in part that "[t]he appeal shall . . . be confined to the record. If alleged irregularities in procedure before the agency are not shown in the record or of facts necessary to establish aggrievement are not shown in the record, proof limited thereto may be taken in the court."
The introduction of new evidence pursuant to 4-183 (i) is available to the plaintiff only in those situations where procedural irregularities occur and where these procedural irregularities are outside the scope of the record. See BristolHousing Authority v. Freedom of Information Commission, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 460621 (December 8, 1994, Dorsey, J.T.R.). In the present case, the plaintiff argues that a procedural irregularity occurred when the defendant relied on an appraisal submitted by an individual not qualified according to regulation to do so.
It is the court's opinion that such an allegation is best reserved as a ground for appeal. Indeed, under General Statutes §4-183 (j), the court may affirm the plaintiff's appeal if the administrative agency's decision was "made upon unlawful procedure." CT Page 7326
In the present case, the plaintiff has failed to show that the alleged procedural irregularity is of such a nature that it requires that additional evidence be taken to remedy the irregularity. That is, the plaintiff has not shown how or why the alleged new evidence, a more recent appraisal, would assist the court in determining that the administrative agency committed a procedural irregularity by relying on an improper appraisal in the first place. While the proposed evidence may raise a question as to the property's value, the proposed evidence does not concern the qualifications of the appraiser relied by the defendant during the administrative hearing.[1] Accordingly, the court finds that the plaintiff cannot add additional evidence pursuant to § 4-183 (i) as the additional evidence does not concern a procedural irregularity.
The plaintiff, in the alternative, moves to introduce the additional evidence pursuant to General Statutes § 4-183 (h) General Statutes § 4-183 (h) states in part that "[i]f. . . . application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court."
According to the plaintiff, the evidence he seeks to add to the record is clearly material in that it provides an appraisal that contradicts the allegedly improper appraisal relied on by the defendant during the administrative hearing. Moreover, the plaintiff argues that he has good cause to seek the introduction of such additional evidence. First, the plaintiff argues that the cost of submitting an additional appraisal would have constituted a substantial financial burden upon him. Furthermore, the plaintiff argues that he believed in good faith that the appraisal which he did submit met all the procedural requirements and should have been accepted by the hearing officer.
The proffered evidence does seem to be material and would most likely pass the first test set forth in § 4-183 (h). The court, however, finds that the plaintiff has failed to show good reason as to why the court should allow the additional evidence CT Page 7327 and remand the decision back to the administrative agency. For one, the plaintiff has failed to file any financial affidavits attesting to his inability to secure an appraisal. Secondly, the court is not convinced of the plaintiff's argument that he had good reason to believe that the hearing officer would accept his original appraisal. As evident from a review of the transcript of the hearing found in the record, the plaintiff was made aware of the fact that his proposed appraisal did not meet certain established standards of property appraisal and could accordingly be viewed as being less credible. See Return of Record, Volume II, Transcript of Hearing dated November 19, 1997, pp. 34-35,52-53. Moreover, the plaintiff had ample opportunity to possibly submit a subsequent appraisal to the attention of the hearing officer. While the decision of the officer was made nearly nine months after the hearing, the record does not show any attempts by the plaintiff to introduce a new, more complete appraisal for consideration by the officer.
The court, accordingly, believes that the plaintiff has not met his burden of showing good reason for the introduction of additional evidence under § 4-183 (h).
The plaintiff's motion to present additional evidence is denied.
 THE COURT
CURRAN, J.